State v. Rummage

---

---

STATE OF NORTH CAROLINA v. WINFRED ALLEN RUMMAGE

No. 7220SC710

(Filed 29 December 1972)

1. Homicide § 24— intentional killing — presumption of malice — failure to define malice — no error

    In a murder case where the evidence tended to show that defendant intentionally shot and killed deceased, it was unnecessary for the trial court to define malice in its jury instructions since malice is presumed from an intentional killing with a deadly weapon.

2. Homicide §§ 26, 27— instructions on second degree murder and manslaughter

    The trial court's charge in a murder case correctly defined second degree murder and manslaughter and instructed the jury as to what was required to reduce the crime from second degree murder to manslaughter.

APPEAL by defendant from *Webb, Judge,* 15 May 1972 Special Session of Superior Court held in STANLY County.

Defendant, Winfred Allen Rummage, (Rummage) was charged in a bill of indictment, proper in form, with the murder of Noah Franklin Mabry (Mabry). Upon defendant's plea of not guilty, the State offered evidence in material part as follows:

Rummage was "running" a "bootlegger's joint" known as Snipe's Place. On 19 January 1971 several persons, including Mabry, were in the establishment. At about 3:00 or 3:30 p.m., Junior Pierce Almond, a patron, went to Rummage's bedroom and advised him that "he was fixing to have trouble . . . because they was cussing one another." Rummage went into the room and told Mabry, "Noah, I am not having none of this trouble here, this mess." Mabry sat down when Rummage pushed him with a stick then "jumped right back up" approached defendant and said, "I'll knock the goddamn hell out of you." When Mabry was about five feet from him, defendant shot him with a .25 caliber Titan pistol which defendant then "pitched" into a cigar box. Mabry died as a result of a single gunshot wound to the left chest.

Defendant testified that he had twice before asked Mabry to leave Snipe's Place on 19 January 1971 and each time Mabry had returned. Defendant stated that when Mabry started towards him he "backed up against the wall" and that "I shot Mr. Mabry because I was scared of him. I knowed the times before that I had saw him with a gun and he had fired at my feet."

Defendant was found guilty of second degree murder and from a judgment imposing a prison sentence of 10 to 15 years, defendant appealed.

*Attorney General Robert Morgan and Associate Attorney John M. Silverstein for the State.*

*Coble, Morton & Grigg by Ernest H. Morton, Jr., for defendant appellant.*

HEDRICK, Judge.

All of the assignments of error brought forward and argued in defendant's brief relate to the court's instructions to the jury.

[1]  First, defendant contends the court erred in not defining malice. Malice is presumed from an intentional killing with a deadly weapon. *State v. Parker,* 279 N.C. 168, 181 S.E. 2d 432 (1971). In this case, where the evidence tended to show the defendant intentionally shot and killed Mabry with a .25 caliber pistol, there was no necessity for the court to define malice.

[2]  Based on exceptions 3 and 4, defendant contends the court confused the definitions of second degree murder and manslaughter and failed to instruct the jury that the use of excessive force in self defense could reduce this crime from second degree murder to manslaughter. These contentions have no merit for when the charge is considered contextually it is clear the judge correctly defined second degree murder and manslaughter and instructed the jury what was required to reduce the crime from second degree murder to manslaughter.

We hold defendant had a fair trial free from prejudicial error.

No error.

Judges VAUGHN and GRAHAM concur.